UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| John Deecki, individually and on behalf of others similarly situated, | |
| Plaintiff, | Civil Case No.: |
| vs. | |
| Ares Security & Investigation LLC, | |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND

1.      This collective and class action is brought by John Deecki ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Brown, LLC, against Ares Security & Investigation LLC ("Defendant") to recover overtime compensation and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*. and attendant regulations, 34 Pa. Code § 231.1, et seq. as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*

2.      Defendant employs security guards who are responsible for ensuring the safety of communities, such as gated communities, retailers, schools and universities, and health facilities by, among other things, patrolling the grounds and preventing unauthorized entry.

3.      Plaintiff and Putative Plaintiffs routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for hours worked over forty (40) because Defendant misclassified them as exempt employees.

4.      Plaintiff brings this action on behalf of himself and all similarly-situated individuals for violations of the FLSA and Pennsylvania law.  The FLSA overtime claim is

asserted as an opt-in collective action under the FLSA. *See* 29 U.S.C. § 216(b), and the Pennsylvania claims are asserted as an opt-out class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

6.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant resides in this district.

## PARTIES

### Plaintiff

7.     Plaintiff John Deecki is a resident of Nottingham, Pennsylvania.

8.     Plaintiff was employed by Defendant as an Armed School Police Officer from approximately August 2018 through March 2019.

9.     Plaintiff was assigned to the Oxford, Pennsylvania location of Defendant's business.

10.     Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals were, or are, employed by Defendant as security guards within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

11.     At all relevant times, Defendant is, and has been, "employers" of Plaintiff and the similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

### Defendant

12.     Defendant Ares Security & Investigation LLC is a limited liability company

incorporated in Delaware.

13.    Defendant operates in interstate commerce by providing security services to communities, such as gated communities, retailers, schools and universities, and health facilities.

14.    Upon information and belief, Defendant's gross annual sales exceed and have exceeded $500,000 at all relevant times.

## **FACTUAL ALLEGATIONS**

15.    Security guards were responsible for ensuring the safety of communities, such as gated communities, retailers, schools and universities, and health facilities by, among other things, patrolling the grounds and preventing unauthorized entry.

16.    Defendant suffered and permitted Plaintiff and the similarly situated security guards to work more than forty (40) hours per week without overtime pay.

17.    Defendant was aware, or should have been aware, that security guards, including Plaintiff, were performing non-exempt work that required payment of overtime compensation.

18.    Defendant misclassified the security guards as exempt from overtime pay and failed to pay them an overtime premium for hours worked in excess of forty (40) in a workweek.

## **COLLECTIVE ACTION ALLEGATIONS**

19.    Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

20.    Plaintiff files this action on behalf of himself and all similarly situated individuals.  The proposed FLSA Collective is defined as follows:

> *All persons who worked as security guards for Ares Security & Investigation, LLC at any time from three years prior to the filing of this Complaint through the date of judgment.*

3

21.     Plaintiff consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

22.     During the applicable statutory period, security guards, including Plaintiff, routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime.

23.     Upon information and belief, Defendant did not maintain accurate records of the hours worked by Plaintiff and the FLSA Collective as required by 29 C.F.R. § 516.2.

24.     Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, failing to pay its security guards overtime compensation. *See* 29 U.S.C. § 255.

25.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous members of the FLSA Collective who have suffered from the Defendant's practice of denying overtime pay to security guards who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through its records.

**RULE 23 CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on his own behalf and on behalf of:

> *All persons who worked as security guards for Ares Security & Investigation, LLC at any time from three years prior to the filing of this Complaint through the date of judgment.*

(The "Rule 23 Class").  Plaintiff reserves the right to amend this definition as necessary.

4

27.     The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

28.     There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

a.      Whether Rule 23 Class members worked overtime; and

b.      Whether Rule 23 Class Members were misclassified as exempt from overtime pay.

29.     Plaintiff's claims are typical of those of the Rule 23 Class in that he and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic timekeeping and payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and his legal theories are based on the same legal theories as all other Rule 23 Class members.

30.     Plaintiff will fully and adequately protect the interests of the Rule 23 Class and he has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor his counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

31.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of

damages at stake for each individual, along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed.

32.     This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

33.     Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

34.     Because Defendant acted on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## CAUSES OF ACTION

### COUNT I
**(Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act**
**Failure to Pay Overtime Wages**

35.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

36.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

37.    Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

38.    Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective the required overtime compensation.

39.    Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

40.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

41.    By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

42.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## COUNT II

**(Brought Individually and on a Class Basis Pursuant to Fed R. Civ. P. 23)**
**Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.***
**Failure to Pay Overtime Wages**

43.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

44.    Defendant failed to pay Plaintiff the Rule 23 class members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

45.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

46.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

**COUNT III**
**(Brought Individually and on a Class Basis Pursuant to Fed R. Civ. P. 23)**
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, _et seq._**
**Failure to Pay Straight Time Wages**

47.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

48.    Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and the putative Rule 23 class members their entitled straight time wages and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per week.

49.    Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

50.    As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of straight time and overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of

such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

A.     Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.     Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.     Judgment that Defendant's violations of the FLSA were willful;

E.     A declaratory judgment that Defendant's wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, et seq. and attendant regulations, 34 Pa. Code § 231.1, et seq. as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq.;

F.     An Order for injunctive relief ordering Defendant to comply with the FLSA, PMWA and WPCL and end all of the illegal wage practices alleged herein;

G.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

H.     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

I.     An award to Plaintiff and those similarly situated in the amount of unpaid wages owed and liquidated damages;

J.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

K.    An award of reasonable attorneys' fees and costs; and

L.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: March 21, 2019

                                    RESPECTFULLY SUBMITTED,

                        By:    /s/ Jason T. Brown
                               Jason T. Brown
                               Nicholas Conlon (will seek Pro Hac Vice Admission)
                               **BROWN, LLC**
                               111 Town Square Place, Suite 400
                               Jersey City, NJ 07310
                               T: (877) 561-0000
                               F: (855) 582-5297
                               jtb@jtblawgroup.com
                               nicholasconlon@jtblawgroup.com

                               *Attorneys for Plaintiff*

10